993 F.2d 1551
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 George L. MOTHERSHED, Plaintiff-Appellant,
v.
Carroll E. GREGG, Gary L. Brooks, Defendants-Appellees.
 No. 92-6035.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1993.
 
 ORDER AND JUDGMENT**
 Before MOORE and BRORBY, Circuit Judges, and VAN BEBBER,* District Judge.
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff George L. Mothershed appeals from the district court's denial of his motion to vacate judgment, filed pursuant to Fed.R.Civ.P. 60(b). The judgment in question was entered on September 28, 1989, following the district court's grant of a directed verdict in defendants' favor. This court affirmed the judgment on appeal. See Mothershed v. Southwestern Bank & Trust Co., Nos. 89-6144, 89-6314 (10th Cir. Jan. 30, 1991) (unpublished decision).
 
 
 3
 Mr. Mothershed maintains the district court abused its discretion in denying his motion. See Campbell v. Bartlett, 975 F.2d 1569, 1580 n. 15 (10th Cir.1992) (this court normally reviews denial of Rule 60(b) motion for abuse of discretion). He contends that Mr. Gregg committed perjury during the civil trial which lead to the 1989 judgment. He asserts the perjury was so egregious that it requires the judgment be vacated. Defendant Gregg contends that this appeal is frivolous, and that sanctions are appropriate under Fed.R.App.P. 38.
 
 
 4
 We have carefully reviewed the record on appeal, as well as the parties' briefs and the district court's order. We agree with the district court that the perjury which Mr. Mothershed has described does not rise to the level of a fraud on the court so as to bring his claims within the savings clause of Rule 60(b). See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245 (1944); Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir.1985), cert. denied, 474 U.S. 1086 (1986). Consequently, for the reasons stated in the district court's order, the judgment is affirmed.
 
 
 5
 This leads us to the issue of Mr. Gregg's request for sanctions. Fed.R.App.P. 38 authorizes this court to award damages if we determine that an appeal is frivolous or brought for the purpose of delay. Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir.1987). An appeal is frivolous when " 'the result is obvious, or the appellant's arguments of error are wholly without merit.' " Id. (quoting Taylor v. Sentry Life Ins. Co., 729 F.2d 652, 656 (9th Cir.1984) (citation omitted)).
 
 
 6
 At the time Mr. Mothershed filed this appeal, it was absolutely clear that the perjury which he describes, even if true, would not constitute fraud on the court as that term has been judicially interpreted. See Hazel, 322 U.S. at 245-46; Bulloch, 763 F.2d at 1121; see also Great Coastal Express, Inc. v. International Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers, 675 F.2d 1349, 1356 (4th Cir.1982) (courts agree that fraud on the court should be construed very narrowly when applied, as here, under the savings clause of Rule 60), cert. denied, 459 U.S. 1128 (1983). Minimal legal research makes that abundantly clear.
 
 
 7
 In addition, Mr. Mothershed has not cited any authority which stands for the proposition that he, as a nonprevailing party to the judgment, was entitled to an evidentiary hearing in the district court prior to the court's consideration of the Rule 60 motion. Finally, there is nothing in the record to show the district court abused its discretion in staying discovery. It is apparent Mr. Mothershed simply wants to relitigate the issues decided in the 1989 lawsuit. Under these circumstances, allowing him to do so would severely undermine the integrity of the final judgment rule. See Bulloch, 763 F.2d at 1121 (unless party shows fraud on the court through clear and convincing evidence, judgment should not be disturbed).
 
 
 8
 We agree with Mr. Gregg that sanctions pursuant to Fed.R.App.P. 38 are appropriate. We award as just damages the sum of $1,500 plus single costs. Mr. Mothershed shall make payment within sixty days of the date of this order and judgment. Mr. Mothershed's motion to correct his brief is GRANTED. His motion to expedite this appeal and his application for writ of Ne Exeat are DENIED as moot. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable G. Thomas Van Bebber, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3