729 F.2d 652
 Karen TAYLOR, Plaintiff/Appellant,
v.
SENTRY LIFE INSURANCE COMPANY, Kirke-Van Orsdel, Inc.,
National Rifle Association, National Rifle
Association Insurance Trust, and Does 1
through 100, Defendants/Appellees.
 No. 83-6057.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 10, 1984.
Decided March 30, 1984.
 
 John Hagen, Joseph E. Deering, Jr., Deering, Walther & Sands, Santa Monica, Cal., for plaintiff/appellant.
 Terry Sterling, Adams, Duque & Hazeltine, Los Angeles, Cal., for defendants/appellees.
 Appeal from the United States District Court for the Central District of California.
 Before CHOY, NELSON and CANBY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Karen Taylor appeals from the district court's order granting summary judgment in favor of Sentry Insurance Company (Sentry) and its co-defendants. Taylor sued Sentry for breach of various state common law and statutory duties after Sentry rescinded a certificate of life insurance issued to Karen Taylor's mother, Barbara. Both parties agree that Barbara Taylor misrepresented facts about her health on her insurance application. On appeal Taylor contends that the district court's order was erroneous in light of the several issues of material fact she alleged were still outstanding. Sentry argues that Taylor's appeal is frivolous and requests an award of attorney's fees. We affirm the order granting summary judgment and award attorney's fees and costs to defendants.
 
 Facts and Procedural Background
 
 2
 This case arises out of a claim by Karen Taylor under a certificate of life insurance issued to her mother Barbara Taylor. The insurance was offered by Sentry through Kirke-Van Orsdel, Inc. to members of the National Rifle Association (NRA). After reading the NRA's Guidebook to Membership Services, Barbara Taylor applied to Sentry on February 19, 1981, for $25,000 coverage.
 
 
 3
 The first question on the application form asked the applicant to fill in various boxes with specified information, including her weight. Barbara Taylor filled in that box with "186 lbs," although she actually weighed over 300 pounds. The form also asked whether the applicant had been treated for any of a number of specific diseases, including diabetes, and whether he or she had consulted a physician for any illness during the past five years. Barbara Taylor answered both questions "no." For several years, however, she had in fact suffered from diabetes mellitus and had regularly consulted a physician who prescribed insulin for treatment. The application concluded with a provision asking the applicant to affirm the truthfulness of all answers and noting that those answers would form the basis of the contract between Sentry and the insured represented by the certificate of insurance. Barbara Taylor signed that provision. Based on the information provided in the application, Sentry issued the certificate for the amount she requested.
 
 
 4
 Barbara Taylor paid all applicable premiums until her death one year later on January 26, 1982. In late February her daughter Karen filed a claim with Sentry. Pursuant to Cal.Ins.Code Sec. 10206, the policy contained a clause stating that Sentry could not contest the validity of its issuance after two years. Since Barbara Taylor had died within the contestable period, Sentry sought appropriate documentation of her daughter's claim. Once it received the records of her treating physician, which indicated the actual state of her health when she applied for insurance, Sentry determined that it would not have insured Barbara Taylor had it known her true health history. Accordingly, Sentry rescinded the certificate, denied the Taylor claim, and refunded the full amount of premiums paid.
 
 
 5
 Karen Taylor sued Sentry in the California Superior Court of Los Angeles alleging numerous state common law and statutory claims. Sentry removed the suit to the District Court for the Central District of California on the basis of diversity of citizenship pursuant to 28 U.S.C. Secs. 1332, 1441. Sentry moved for summary judgment and the court granted its motion on June 20, 1983. Karen Taylor appeals alleging that material issues of fact remain to be decided. Sentry requests attorney's fees on the ground that Taylor's appeal is frivolous.
 
 Discussion
 I. Summary Judgment
 
 6
 The district court ruled that Karen Taylor failed to present triable issues of material fact concerning Sentry's denial of her claim for insurance benefits under her mother's policy. On appeal, the question whether summary judgment was properly granted is one of law. Boone v. Mechanical Specialities Co., 609 F.2d 956, 958 (9th Cir.1979). The standard governing this court's review is the same as that employed by the trial court under Fed.R.Civ.P. 56(c). Twentieth Century-Fox Film Corp. v. MCA, Inc., 715 F.2d 1327, 1328 (9th Cir.1983). This court must view the evidence and inferences therefrom in the light most favorable to the nonmoving party. Angel v. Seattle-First National Bank, 653 F.2d 1293 (9th Cir.1981).
 
 A. Rescission
 
 7
 Sentry correctly frames the issue as whether an insurance company may rescind a certificate of insurance issued on the basis of material misrepresentations by an insured about her medical condition. Because Barbara Taylor resided in California, the contract was made in California, and jurisdiction is based on diversity of citizenship, this question is governed by California law. See Merchants Fire Assurance Corp. v. Lattimore, 263 F.2d 232, 239 & n. 6 (9th Cir.1959). Substantial deference will be accorded the district court's interpretation of the law of the state in which it sits. Pacific Mutual Life Ins. Co. v. Am. Guar. Life Ins., 722 F.2d 1498 (9th Cir.1984). Ordinarily we will accept that determination unless it is "clearly wrong." In re Mistura, Inc., 705 F.2d 1496, 1497 (9th Cir.1983).
 
 
 8
 Cal.Ins.Code Secs. 331 and 359 state that material misrepresentations or concealments in an application for insurance are grounds for rescission of the policy. Karen Taylor concedes that her mother concealed her actual weight and her diabetic condition from Sentry. Cal.Ins.Code Sec. 334 specifies that "[m]ateriality is to be determined ... solely by the probable and reasonable influence of the facts upon the party to whom the communication is due...." The sole question to be resolved, therefore, is whether Barbara Taylor's misrepresentations to Sentry were material under California law.
 
 
 9
 In the course of selecting and classifying its risks, a life insurance company may demand a truthful statement of the applicant's medical history. Burns v. Prudential Ins. Co., 201 Cal.App.2d 868, 869-70, 20 Cal.Rptr. 535 (1962). That the insurer puts questions in writing and asks for written answers has itself been deemed proof of materiality. See Cohen v. Penn Mutual Life Ins. Co., 48 Cal.2d 720, 726, 312 P.2d 241 (1957). Sentry's application asked Barbara Taylor specific questions about named diseases and medical consultations. When an applicant is asked specific questions as to his medical history, false answers have been held to vitiate the contract. See, e.g., Cohen, supra, 48 Cal.2d at 725, 312 P.2d 241 (heart symptoms); Parrish v. Acacia Mutual Life Ins. Co., 92 F.Supp. 300 (S.D.Cal.1949) (ulcer).
 
 
 10
 Other cases, however, inquire into the nature of the information withheld, and the likely practice of the insurance company had the concealed facts been truthfully disclosed. See, e.g., Burns, supra, 201 Cal.App.2d at 872, 20 Cal.Rptr. 535. The test is the effect which truthful answers would have had upon the insurer. Id. at 871, 20 Cal.Rptr. 535. In the present case, Sentry submitted uncontradicted affidavits to the effect that it would not have issued life insurance to Barbara Taylor had it known her actual medical condition. Sentry uses a "debit" system to determine the risk of covering particular applicants. Sentry accepts only those applicants who present standard risks--those whose physical conditions represent 0-50 debits. Had Sentry known of Barbara Taylor's actual weight, it would have added at least 200 debits to her eligibility rating. Her diabetes and dependence on insulin would have added another 100 debits. Moreover, the combination of obesity and diabetes would have added 100 more debits to the sum of the ratings. Under California law Sentry was entitled to determine for itself whether Barbara Taylor was insurable. Because the misrepresentations she made were obviously material to that determination, Sentry was entitled to rescind her certificate of insurance.
 
 B. Deceptive Advertising
 
 11
 Karen Taylor claims that Barbara Taylor believed, on the basis of the NRA Guide, that she was entitled to insurance regardless of her physical condition. She argues that Barbara Taylor thus did not appreciate the need to answer the questions on Sentry's application truthfully.
 
 
 12
 The material distributed to Barbara Taylor merely stated that NRA members are eligible to apply for life insurance. The NRA Guide did offer certain kinds of insurance, such as property insurance for firearms and insurance for firearm-related accidents, without regard to eligibility criteria. The offer of life insurance, however, was discussed in a separate section of the pamphlet. Karen Taylor has offered no evidence that a reasonable person of ordinary understanding would interpret either the NRA offer or Sentry's application as Barbara Taylor allegedly did. See Ransom v. Penn Mutual Life Ins. Co., 43 Cal.2d 420, 424, 274 P.2d 633 (1954). Furthermore, Barbara Taylor's own actions with respect to the application undermine Karen Taylor's contention. That Barbara Taylor falsified her weight, withheld information about her diabetes, and signed the provision affirming the truthfulness of her answers all tend to show that she appreciated the importance Sentry placed on the application. Moreover, Sentry need not show that Barbara Taylor actually intended to deceive it. A fraudulent intent to deceive is not necessary for rescission where an insured has made a false representation as to a material fact. Cohen, supra, 48 Cal.2d at 725, 312 P.2d 241.
 
 C. Claims Not Before the Court Below
 
 13
 Taylor argues that two additional material issues of fact remain: the reasonableness of Sentry's underwriting standards, and the alleged failure by Sentry to attach a copy of the completed insurance application to the certificate it issued Barbara Taylor. Neither issue was raised by the parties below or addressed by the district court's order. The general rule is that an issue will not be considered for the first time on appeal. See Rothman v. Hosp. Serv. of Southern California, 510 F.2d 956, 960 (9th Cir.1975). Before the appellate court will address such an argument, the plaintiff must show exceptional circumstances why the issue was not raised below. See Gard v. United States, 594 F.2d 1230, 1235 (9th Cir.1979), cert. denied, 444 U.S. 866, 100 S.Ct. 138, 62 L.Ed.2d 90 (1979).
 
 
 14
 Taylor claims that she did not raise these two issues with the appropriate specificity below because Sentry failed to respond to her requests for discovery. Ordinarily summary judgment should not be granted where there are relevant facts yet to be discovered. Zell v. Intercapital Income Securities, Inc., 675 F.2d 1041, 1045 (9th Cir.1982). The appellant, however, has the burden of showing the trial court what facts he hopes to discover that would raise an issue of material fact. Federal Republic of Germany v. Elicofon, 536 F.Supp. 813, 827-28 (E.D.N.Y.1978), aff'd, 678 F.2d 1150 (1982). Because Taylor failed to make such a showing, the trial court was justified in granting summary judgment without further discovery.[1]
 
 II. Attorney's Fees
 
 15
 Sentry and its co-defendants seek an award of attorney's fees and double costs. 28 U.S.C. Sec. 1912 and Fed.R.App.P. 38 give this court discretion to assess such damages as a sanction against bringing a frivolous appeal. An appeal is considered frivolous in this circuit when the result is obvious, Jaeger v. Canadian Bank of Commerce, 327 F.2d 743, 746 (9th Cir.1964), or the appellant's arguments of error are wholly without merit. Libby, McNeill, and Libby v. City National Bank, 592 F.2d 504, 514 (9th Cir.1978), cited in McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir.1981).
 
 
 16
 Our society in general, and appellate courts in particular, labor under a heavy burden of litigation which is "needlessly aggravated when frivolous appeals are taken." United States v. Santa Fe Engineers, Inc., 567 F.2d 860, 861 (9th Cir.1978) (per curiam). For this reason, as well as others, lawyers have a duty to inform a client that his claim is unjustified. In California, attorneys are specifically prohibited under Rule 2-110(B) of the Rules of Professional Conduct from accepting employment to prosecute frivolous claims. See California Rules of Court at 478 (West 1984). "Counsel must realize that the decision to appeal should be a considered one, taking into account what the district judge has said, not a knee-jerk-reaction to every unfavorable ruling."[2] Libby, McNeill, and Libby, supra, 592 F.2d at 515, quoting Simon & Flynn, Inc. v. Time Inc., 513 F.2d 832, 835 (2d Cir.1975) (per curiam). We wish to state clearly that if attorneys do not act judiciously, courts will respond judicially.
 
 
 17
 We have considered Karen Taylor's appeal and conclude that it is wholly without merit. Barbara Taylor was an obese diabetic who lied about her medical condition on her application to obtain life insurance. Her daughter's claim based on a certificate of insurance issued under such circumstances is untenable because of California statutory and case law directly on point. The arguments Karen Taylor has made constitute an imposition both on her adversary and on this court. See Oscar Grus & Son v. Lumbermens Mutual Casualty Co., 422 F.2d 1278, 1283 (2d Cir.1970). "Some penalty should attach to taking up our time with such a meritless contention." NLRB v. Catalina Yachts, 679 F.2d 180, 182 (9th Cir.1982), quoting NLRB v. Smith & Wesson, 424 F.2d 1072, 1073 (1st Cir.1970).
 
 
 18
 We choose to exercise our discretion and grant defendants-appellees single costs and attorney's fees for this appeal. Attorneys for the appellees shall file affidavits and other records bearing upon the fees earned in this appeal with the clerk of this court. The amount of the award shall be established by a separate order. See, e.g., General Brewing Co. v. Law Firms, 694 F.2d 190, 193 (9th Cir.1982); Libby, McNeill, and Libby, supra, 592 F.2d at 515.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 Plaintiff and defendants raise two additional arguments. Taylor argues that she is entitled to punitive damages because Sentry unreasonably and improperly withheld benefits due her and is guilty of fraud under Cal.Civ.Code Sec. 3294. Kirke-Van Orsdel, Inc., the NRA, and the NRA Trust contend that they are proper parties on the deceptive advertising claim only. They insist that under Cal.Ins.Code Sec. 790 et seq. and relevant case law they cannot be parties to the insurance contract itself. Because Taylor has not succeeded in proving any underlying cause of action against any party, this court need not address the merits of either contention
 
 
 [2]
 We have already stated, supra at 654, that we review de novo the district court's order granting a motion for summary judgment. Therefore we do not defer to the district court's judgment as to the merits of the case of the party against whom the motion was granted. Upon completing such a review and finding the party's claim or defense frivolous, however, we do find the district court's admonitions relevant to the separate inquiry of deciding whether to award attorney's fees. Hearing that the learned judge who presided over his case finds it worthless ought to put a party on notice that he should at the very least consider carefully the decision to appeal and how to best frame that appeal