968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PAUL REVERE LIFE INSURANCE CO., Plaintiff-Appellant,
v.
Dennis P. STEIGERWALD, Dennis Steigerwald, D.C.A., a
Professional Corporation, Defendants-Appellees.
 Nos. 90-56129, 90-56307 and 91-55413.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 7, 1992.*
Decided July 9, 1992.
 
 1
 Before SNEED and D.W. NELSON, Circuit Judges, and WANGER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Paul Revere Life Insurance Company ("Paul Revere") appeals the district court's judgment following a jury verdict in favor of Dr. Dennis Steigerwald. Paul Revere sought to rescind disability insurance policies it had issued to Steigerwald on the ground that Steigerwald had concealed material facts regarding injuries sustained in an automobile accident when he applied for the policies. Paul Revere claims that it is entitled to a judgment of rescission as a matter of law or, in the alternative, that it is entitled to a new trial because the trial judge erroneously instructed the jury on the definition of materiality. We agree with Paul Revere that it was entitled to judgment as a matter of law and accordingly hold that the district court erred in denying Paul Revere's motion for judgment notwithstanding the verdict.
 
 
 4
 Denial of a motion for judgment notwithstanding the verdict is inappropriate when it is clear that the evidence and its inferences cannot reasonably support a judgment in favor of the opposing party. Transgo, Inc. v. Ajac Trans. Parts Co., 768 F.2d 1001, 1014 (9th Cir.1985), cert. denied, 474 U.S. 1059 (1986).
 
 
 5
 In this case, the parties stipulated to the fact that Steigerwald had sustained numerous back and spinal injuries, including cervical sprain and strain, in an automobile accident just nine days before he completed the medical form for his insurance application. That medical form specifically asked Steigerwald if he had ever suffered from any type of back or spinal trouble, including sprain or strain. The application also asked if Steigerwald had suffered any injuries not mentioned above within the past five years. The parties stipulated that Steigerwald answered "no" to both questions.
 
 
 6
 Under California insurance law, material misrepresentations or concealments in an application for insurance, whether made intentionally or unintentionally, are grounds for rescission of the policy. Cal.Ins.Code § 331, 359. While it is undisputed that Steigerwald concealed information about his injuries, the parties vigorously dispute whether that information was material. We conclude that it is clear under California law that the information was material. "In the course of selecting and classifying its risks, a life insurance company may demand a truthful statement of the applicant's medical history. That the insurer puts questions in writing and asks for written answers has itself been deemed proof of materiality." Taylor v. Sentry Life Ins. Co., 729 F.2d 652, 654 (9th Cir.1984) (citations omitted). The simple fact that Paul Revere asked Steigerwald specific questions about back injuries thus indicates that it considered that information material to its determination about whether to award a disability policy.
 
 
 7
 "Other cases ... inquire into the nature of the information withheld, and the likely practice of the insurance company had the concealed facts been truthfully disclosed." Id. at 655. "The most generally accepted test of materiality is whether or not the matter misstated could reasonably be considered material in affecting the insurer's decision as to whether or not to enter into the contract [or] in estimating the degree or character of the risk." Old Line Life Insurance Co. v. Superior Court, 281 Cal.Rptr. 15, 18 (Cal.App.1991). Here, Paul Revere presented the undisputed testimony of one of its underwriters that had the stipulated injuries been accurately disclosed, the policies would not have been issued. The undisputed testimony of an underwriter that the information would affect the company's decision whether to insure the applicant is sufficient to establish that the requested information was material. See Taylor, 729 F.2d at 655; Dinkins v. American Nat. Ins. Co., 154 Cal.Rptr. 775, 779 (Cal.App.1979).
 
 
 8
 Notwithstanding the evidence that Steigerwald had withheld information that the insurance company considered material, Steigerwald argues that Paul Revere is not entitled to rescind the policies because Steigerwald had no reason to appreciate the significance of his injuries.[1] It is true that in certain limited circumstances the applicant's knowledge and belief may excuse his failure to disclose material information. "First, there is no breach of the duty to disclose if the applicant is ignorant of the relevant information." Miller v. Republic Nat. Life Ins. Co., 789 F.2d 1336, 1339 (9th Cir.1986). This exception is not available to Steigerwald; he acknowledged that he was aware of the fact that he had suffered numerous back injuries, including cervical sprain and strain.
 
 
 9
 "Second, there is no breach of the duty to disclose if the applicant, acting in good faith, does not understand the significance of the information he fails to disclose." Id. Thus, a lay person might be excused for his failure to relay certain information if, for example, he did not understand the meaning of a medical diagnosis. Id. at 1340; Thompson v. Occidental Life Ins. Co., 9 Cal.3d 904 (Cal.1973); Cohen v. Penn Mutual Life Ins. Co., 48 Cal.2d 720 (Cal.1957). This is not such a case. Dr. Steigerwald is a licensed chiropractor who is necessarily quite familiar with back injuries and was fully aware of the fact that he had suffered a cervical sprain and other injuries. See Life Ins. Co. of North America v. Capps, 660 F.2d 392, 394 (9th Cir.1981) (insurer could rescind policy because insured knew she had a heart condition, even though she may not have appreciated its significance); Cohen, 48 Cal.2d at 726 (doctor could not avoid rescission on ground that he did not understand significance of condition). Because Dr. Steigerwald "appreciated adequately" the significance of his injury, "at least to the extent that he recognized its existence," Capps, 660 F.2d at 394, Steigerwald was obligated to provide a truthful answer to the insurance company's direct question so that the insurance company could make an informed determination about whether to insure him. Paul Revere is entitled to rescission as a matter of law.[2]
 
 
 10
 The judgment below is REVERSED and this matter REMANDED with directions to enter judgment as a matter of law for appellant Paul Revere.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Oliver W. Wanger, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Steigerwald appears to base this argument in part on the fact that there was some evidence that the automobile accident was not the cause of his disability. However, the nondisclosed symptoms need not cause the disability in order to warrant recission. See generally Cal.Ins.Code § 334. In Dinkins, 154 Cal.Rptr. 775, for example, the insurance company was permitted to rescind a policy because the insured had not disclosed information about a seizure disorder, even though the cause of death was a gunshot wound
 
 
 [2]
 Because we conclude that Paul Revere was entitled to a judgment notwithstanding the verdict, because the evidence and its inferences cannot support a verdict in favor of Steigerwald, we do not reach the question of the propriety of the jury instruction