980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Curt SIMPSON and Jane Simpson, husband and wife, and Catrina
Simpson, Defendant-Appellant.
 No. 91-35844.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1992.
Decided Nov. 13, 1992.
 
 Before FERGUSON, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Curt, Jane, and Catrina Simpson appeal the summary judgment entered in favor of State Farm Mutual Automobile Insurance Company on State Farm's diversity action seeking a declaration limiting its liability under insurance policies issued to Clarence, Jean, and Thea Hekkel. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Curt Simpson was leaning over the tailgate of his pickup truck when he was struck by Jean Hekkel, who was driving a Buick insured under a policy issued to her daughter Thea. Curt Simpson suffered severe injuries, including the loss of a leg. Summary judgment as to liability for the accident was entered in favor of the Simpsons. State Farm instituted this action seeking a declaration that the coverage for the accident is limited to Thea Hekkel's insurance policy on the Buick. The Simpsons argue that the policy limits that apply to the accident are either Clarence and Jean Hekkels' higher coverage limits contained in their policy on the Buick prior to transfering their policy rights to Thea, or in the alternative, Clarence and Jean's policy limits on their Chevrolet pickup.
 
 
 4
 On June 14, 1987, approximately a year and a half prior to the accident with Curt Simpson, Clarence and Jean Hekkel accompanied Thea to a State Farm Insurance agent in Denver, where Clarence signed a "change memo" transfering his policy rights to Thea. Thea applied for her own insurance policy on the Buick and requested 25/50 coverage. Title to the Buick remained with Jean Hekkel.
 
 
 5
 The Simpsons argue that if this transaction was a "transfer," Clarence and Jean Hekkels' previous limits of 50/100 ought to be in effect. Transfer of a policy right is not governed by any Montana law. A transfer appears to be State Farm's discretionary practice which allows a former insured to transfer the start-up costs of applying for a policy to a prospective insured. There is nothing, either in State Farm's policies or otherwise, to suggest that such a transfer binds the newly insured to the terms of the old policy.
 
 
 6
 The Simpsons also assert that, since the Hekkels did not intend to lower their own automobile coverage, the action by State Farm was a cancellation requiring compliance with Montana law governing insurance practices. Cancellation of an insurance contract is a decision by an insurer to terminate a policy prior to the expiration of its term. Mont.Code Ann. § 33-15-1102(2). A decision by an insurance company to reduce coverage mid-term also amounts to a cancellation. Mont.Code Ann. § 33-15-1121. Neither definition applies to the Hekkels' voluntary transfer of their policy right to Thea. State Farm did not cancel the Hekkels' policy, and its actions are therefore not subject to the cancellation requirements of Mont.Code Ann. § 33-23-212, 214.
 
 
 7
 The Simpsons argue that a Montana Supreme Court case, Yovish v. United Servs. Auto Ass'n, 794 P.2d 682 (Mont.1990), controls on the issue of cancellation. The Simpsons' reliance on Yovish is misplaced. In Yovish, the Montana Supreme Court held that an insurance company must follow its own policies regarding non-renewal and cancellation provided they are not narrower than the protections afforded by the Montana legislature. Id. at 684. Crucial to the court's conclusion that the insurer should have followed its requirements for non-renewal was the trial court's finding that Yovish "had not communicated to USAA a desire not to renew his policy." Id. at 686. It is undisputed that Clarence Hekkel voluntarily transferred his policy right to Thea. The Simpsons dispute the ramifications of the transfer, but they do not and could not claim that it did not occur.
 
 
 8
 The Simpsons contend that Clarence and Jean Hekkel reasonably expected that they were covered under either their previous policy on the Buick or their policy on the Chevrolet pickup. The Montana Supreme Court recognized the doctrine of reasonable expectations regarding insurance contracts in Transamerica Ins. Co. v. Royle, 656 P.2d 820 (Mont.1983). The court did not elaborate on what is required by this rule of interpretation other than to cite the leading law review article on the issue: " 'The objectively reasonable expectations of applicants ... regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations.' " Id. at 824 (citation omitted).
 
 
 9
 The Simpsons argue that a contract need not be ambiguous in order for the insured's reasonable expectations to be considered. State Farm argues to the contrary, citing a federal district court case as dispositive. See Page Wellcome, Pro. Service v. Home Ins. Co., 758 F.Supp. 1375, 1380 (D.Mont.1991) (construing Royle as adopting the majority view which requires an ambiguity in the contract before an insured's reasonable expectations are considered). We need not anticipate Montana's resolution of this question because, aside from there being no ambiguity in the contract, the Hekkels' expectations of greater coverage are not objectively reasonable.
 
 
 10
 Clarence Hekkel transferred his policy right for the Buick to Thea Hekkel on June 14, 1987. No painstaking study of either the "change memo" or Thea's application was required in order to see that this was a transfer that would result in one policy, belonging to Thea Hekkel, covering the Buick. See Canal Ins. Co. v. Bunday, 813 P.2d 974, 978 (Mont.Sup.Ct.1991) ("The language of a contract is to govern its interpretation if it is clear, explicit, and does not involve an absurdity."). Furthermore, the Hekkels ceased to pay premiums on the Buick policy after the transfer. A reasonable insured could not expect continued coverage on a policy for which he or she did not pay.
 
 
 11
 The Simpsons also contend that the Hekkels reasonably expected that they were covered under the policy on their Chevrolet pickup, with limits of 100/300, when they drove their Buick. The Simpsons argue that the Hekkels would have had to read the definitions of non-owned, temporary substitute, and newly acquired cars in order to realize that they were not covered under their policy on the Chevrolet pickup while driving the Buick. The Buick clearly does not fall into any of the three categories described in the policy. See Woodhouse v. Farmers Union Mutual Ins. Co., 785 P.2d 192, 194 (Mont.1990) ("Although the results are undeniably harsh ... the clear meaning of the contract must govern."). Furthermore, it is not objectively reasonable for the Hekkels to expect their own policy limits to apply to a car they know to be insured by someone else.
 
 
 12
 The Simpsons argue that genuine issues of material fact remain unresolved because the trial court did not allow discovery relevant to the Simpsons' claims of cancellation and reasonable expectations. The Simpsons contend that the magistrate erred in issuing a temporary protective order which prevented them from deposing several State Farm insurance agents, including the one present when Clarence and Jean Hekkel transferred their policy to Thea.
 
 
 13
 Summary judgment is improper when the moving party has foreclosed discovery that could have provided a basis for a more accurate evaluation of disputed facts. Zell v. Intercapital Income Securities, Inc., 675 F.2d 1041, 1045 (9th Cir.1982). However, in this case, State Farm has produced all the documents that are necessary to resolve the dispute, and the Simpsons have not shown what facts they hope to discover that would create a genuine issue for trial. See Taylor v. Sentry Life Ins. Co., 729 F.2d 652, 656 (9th Cir.1984). They contend that deposing the insurance agents would give Clarence and Jean Hekkel a better understanding of what transpired when they transferred their policy to Thea, yet the facts available in the record are dispositive on the issues of cancellation and reasonable expectations. Furthermore, there was nothing to preclude the Simpsons from renewing their discovery requests below, since the protective order issued by the magistrate was only temporary.
 
 CONCLUSION
 
 14
 The district court's order granting summary judgment to State Farm is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3