60 F.3d 833
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michael C. MARINO, Plaintiff-Appellant,
v.
FRED MEYER, INC., Defendant-Appellee.
 No. 94-35596.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995*
Decided July 3, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael C. Marino appeals pro se the district court's summary judgment in favor of Fred Meyer, Inc. ("Meyer") in his employment discrimination action alleging gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. Marino contends the district court erred by: (1) finding that he failed to raise a genuine issue of material fact as to discriminatory treatment or sexual harassment; (2) failing to notify him of the requirements for responding to a motion for summary judgment; and (3) denying his motions to compel discovery and for amendment of the findings and a new trial.[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 A. Background
 
 3
 Retail store employer Meyer hired Marino in March 1990. Elizabeth Iddings was hired by Meyer in June 1990. Both employees worked as checkers in the same store, and occasionally socialized after work hours. In March or April 1991, Marino threatened to commit suicide because he thought or perceived that Iddings did not want to maintain a friendship with him. On April 11, 1991, while on store premises, Marino deliberately slashed his arm with a knife and showed his injury to Iddings. As a result of this incident, Meyer management staff arranged the work schedules of both employees so that they would have less on-the-job contact.
 
 
 4
 Marino contends that Meyer's alteration of the work schedule subjected him to disparate treatment because of his gender. Specifically, Marino claims that after April 1991, he was scheduled for fewer hours than Iddings, and given less preferable break times and work sites. Marino further contends that he was subjected to a hostile work environment when Meyer allowed Iddings and other employees to discuss Marino and his conduct.
 
 
 5
 Marino's union declined to pursue his grievance regarding Meyer's scheduling decisions. After investigating his charges of gender discrimination, the Oregon Bureau of Labor & Industries and the Equal Employment Opportunity Commission found no evidence of discrimination by Meyer. Marino filed this claim in district court on December 16, 1992.
 
 B. Gender Discrimination
 
 6
 We review de novo the district court's grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir. 1992), cert. denied, 115 S. Ct. 1097 (1995).
 
 1. Discriminatory Treatment
 
 7
 Marino contends that Meyer discriminated against him in the terms and conditions of his employment because of his sex. To establish a prima facie case of intentional discrimination, a plaintiff has the burden of providing evidence "which give[s] rise to an inference of unlawful discrimination." Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981).
 
 
 8
 Marino failed to show that Meyer's adjustment of work schedules and work sites resulted in any disparate treatment.[2] Moreover, none of the evidence in the record raises an inference that Meyer intended to discriminate against Marino on account of his gender. See Foster v. Arcata Assocs., 772 F.2d 1453, 1459 (9th Cir. 1985) (holding that plaintiff must identify actions that give rise to inference of disparate treatment), cert. denied, 475 U.S. 1048 (1986), overruled on other grounds by, Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262 (9th Cir. 1991). On the contrary, the record reflects that Meyer's actions were taken in response to Marino's self-inflicted injury and Iddings's complaints about Marino's behavior. The district court correctly found that Marino failed to present a prima facie claim of discriminatory treatment. See Burdine, 460 U.S. at 253-54.
 
 2. Sexual Harassment
 
 9
 Marino contends that he was harassed and subjected to a hostile work environment on account of his gender. Specifically, Marino contends that employees and management created a hostile work environment by discussing Marino's romantic interest in Iddings and Iddings's allegations that Marino harassed her.
 
 
 10
 In order to show sexual harassment under a hostile work environment, Marino must demonstrate that he was subjected to "severe or pervasive and unwelcome verbal or physical harassment because of [his] membership in a protected class." Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir. 1991) (citing Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 66-67 (1986)).
 
 
 11
 Here, the record fails to reflect behavior by co-workers or management that was severe, pervasive, or directed towards Marino because he is male. Accordingly, the district court correctly found that Marino failed to present a claim of sexual harassment. See Sischo-Nownejad, 934 F.2d at 1109.
 
 C. Notice of Rule 56 Requirements
 
 12
 Marino contends that the district court erred by granting summary judgment in favor of Meyer without first advising him of the requirements of Rule 56. Because, however, no special assistance is required for a nonprisoner pro se party such as Marino, see Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir. 1986), the district court did not err by granting summary judgment for Meyer without advising Marino of the requirements of Rule 56.
 
 D. Discovery Requests
 
 13
 Marino contends that the district court improperly granted summary judgment for Meyer because the court did not allow for adequate discovery.
 
 
 14
 Discovery rulings are reviewed for abuse of discretion. Klingele, 849 F.2d at 412. The burden is on the nonmoving party to show what material facts would be discovered that would preclude summary judgment. Id. (citing Hall v. Hawaii, 791 F.2d 759, 761 (9th Cir. 1986)).
 
 
 15
 Marino contends that further discovery would show that he was never properly charged with sexually harassing Iddings. Because the existence of a formal complaint by Iddings regarding Marino's behavior is immaterial to this case, the district court did not err by denying his request. See Taylor v. Sentry Life Ins. Co., 729 F.2d 652, 656 (9th Cir. 1984) (noting that summary judgment is appropriate when discovery requests could not produce evidence that would raise genuine issues of material fact).[3]
 
 E. Sanctions
 
 16
 On appeal, Meyer requests sanctions against Marino for filing a frivolous appeal. We have discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Fed. R. App. P. 38; 28 U.S.C. Sec. 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988) ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009 (citation omitted). Marino's contentions on appeal are wholly without merit. Accordingly, we impose $1,500 damages as a sanction.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Marino failed to challenge the district court's denial of his state law claim in his opening brief on appeal, we decline to address this claim. See International Union of Bricklayers Local 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir. 1985) (noting that "matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief" will not ordinarily be considered)
 
 
 [2]
 Marino testified that although Iddings was scheduled for one to five hours more than he was, "[u]sually it was a very small difference," and "for the most part [he] worked more than she did." Marino also testified that neither employee had a fixed shift or work station
 
 
 [3]
 Marino also contends that the district court erred by denying his motions to amend the court's findings and for a new trial because material facts remained in dispute. This contention lacks merit
 The district court's findings of fact will not be set aside unless clearly erroneous, Fed. R. Civ. P. 52(a), and the denial of a motion for a new trial under Fed. R. Civ. P. 59 is reviewed for abuse of discretion, Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir. 1991).
 The district court's account of the evidence is plausible in light of the record viewed as a whole, and the allegedly disputed facts are not material to the resolution of this case. Accordingly, the district court's denial of Marino's motions was not in error. See Mason v. Vasquez, 5 F.3d 1220, 1224 (9th Cir. 1993); Floyd, 929 F.2d at 1400.