141 F.3d 1174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James D. COREY, Plaintiff-Appellant,
v.
Pacific BELL, a California corporation; Pacific Telesis
Group, and Does 1 through 100, inclusive,
Defendants-Appellees.
 No. 96-17296.
DC No.CV-95-01626-DFL(GGH).
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 11, 1998.
Decided Mar. 4, 1998.
 
 Appeal from the United States District Court for the Eastern District of California David F. Levi, District Judge, Presiding.
 Before SCHROEDER, FARRIS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James D. Corey appeals the district court's summary judgment in favor of his former employer Pacific Bell in this employment dispute. He challenges the district court's determination that Corey could not assert a valid claim under 29 U.S.C. § 301 because he had not shown that his union violated its duty of fair representation during the grievance procedure.
 
 
 3
 Appellant argues that the union acted arbitrarily in failing to communicate with him, particularly in failing to inform him whether it was going to pursue arbitration. The Plaintiff's Separate Statement of Undisputed Facts indicates that Corey's attorney David R. Lane spoke with union attorney Harold Jackson several times. Each time, Jackson informed Lane that the union was actively pursuing the case and considering whether to continue arbitration. The declaration of Charles Strong states that Strong independently reviewed Corey's case, determined that the grievance was unlikely to prevail at arbitration, and intended to recommend that the union's board issue a final decision declining arbitration. Corey offered no evidence that would suggest that the union was not actively considering arbitration at the time he filed suit. On the record, the union's conduct was not arbitrary under Moore v. Bechtel Power Corp., 840 F.2d 634, 636 (9th Cir.1988).
 
 
 4
 Corey next contends that the union acted arbitrarily by failing to reach a final decision on whether to pursue arbitration by the time he filed suit. Corey has not demonstrated the sort of prejudice at issue in Dutrisac v. Caterpillar Tractor Co., 749 F.2d 1270 (9th Cir.1983). The statute of limitations was not running while the union was considering arbitration and when Corey filed suit. The issue was not even raised in the district court. See Taylor v. Sentry Life Ins. Co., 729 F.2d 652, 655 (9th Cir.1984).
 
 
 5
 Finally, Corey contends that union representative Crooks bore hostility toward him. This hostility cannot have caused Corey prejudice because the arbitration decision was in the hands of Strong, not Crooks. The record shows that Strong conducted an independent review of Corey's claim based on the merits rather than on any recommendation of Crooks.
 
 
 6
 The district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3