Edward RESEK, Plaintiff—Appellee,

v.

CITY OF HUNTINGTON BEACH; Mark Wersching, Individually and as a peace officer; T. Arnold, Sgt., Defendants—Appellants.

No. 01–56029.

D.C. No. CV–99–09909–MMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2002.

Decided July 1, 2002.

Before ALARCÓN, SILVERMAN, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Officer Mark Wersching arrested Edward Resek for shouting abusive comments at police, and Resek sued, alleging deprivation of constitutional rights under 42 U.S.C. § 1983 and numerous state law violations. Defendant Wersching now interlocutorily appeals the district court's partial grant of summary judgment in favor of plaintiff Resek on his claim that he was arrested without probable cause in violation of the Fourth and Fourteenth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. As the parties are familiar with the facts and procedural history of this case, we will not detail them here except as necessary.

■ Wershing now argues that he had probable cause to arrest under Cal. Penal C. §§ 148 and 415;[1] Resek counters that any § 415 arguments are waived because they were not raised in opposition to his motion for summary judgment. The district judge apparently addressed § 415 sua sponte. While failure to raise an issue in opposition to summary judgment can con-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Cal. Pen. C. § 148(a)(a) provides that "[e]very person who willfully resists, delays, or obstructs any public officer ... in the discharge or attempt to discharge any duty of his or her office or employment" shall be fined and/or imprisoned. "Section 415, subdivision (3) codifies the 'fighting words' exception to the right of free speech under the First Amendment of the United States Constitution." *In re Alejandro G.*, 37 Cal.App.4th 44, 47–48, 43 Cal.Rptr.2d 471 (1995). Fighting words are "words that by their very utterance inflict injury or tend to incite an immediate breach of the peace." *City of Houston v. Hill*, 482 U.S. 451, 461–62, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987) (internal quotation marks omitted).

stitute waiver, *see Taylor v. Sentry Life Ins. Co.,* 729 F.2d 652, 655–56 (9th Cir. 1984), an appellate court can "exercise [its] discretion to consider a waived issue when the issue presented is a pure question of law," *In re Eashai,* 87 F.3d 1082, 1085 n. 2 (9th Cir.1996). Whether Wersching had probable cause is a legal question, *see Act Up!/Portland v. Bagley,* 988 F.2d 868, 873 (9th Cir.1993), and requires application of the same facts necessary to decide if there was probable cause under § 148. We therefore reach Wersching's § 415 arguments.

The district court was correct in holding that Wersching arrested Resek without probable cause. A police officer has probable cause if "the facts and circumstances within [his] knowledge are sufficient to warrant a prudent person to believe that a suspect has committed, is committing, or is about to commit a crime." *Mackinney v. Nielsen,* 69 F.3d 1002, 1005 (9th Cir.1995) (internal quotation marks omitted). Resek shouted: "Don't let'em do it! They don't have a search warrant," and "That's fucked up, those pigs can't do that without a search warrant." He then walked away. Wersching's partner followed Resek and began to explain "why his comments weren't necessary," so that Resek would "ha[ve] a better understanding of what [the police] were doing." Resek replied, "I speak no English, I'm a foreigner." Then Wersching arrested him.

■ Wersching argues that Resek's conduct is validly prohibited as (1) obstructing the police by inciting the crowd, in violation of § 148, and (2) fighting words, in violation of § 415. We reject this argument. *See, e.g., People v. Quiroga,* 16 Cal.App.4th 961, 966, 20 Cal.Rptr.2d 446 (1993) ("[I]t surely cannot be supposed that [§ 148] criminalizes a person's failure to respond with alacrity to police orders."). Resek cannot be arrested for his words

unless they are somehow stripped of their First Amendment protection. While the First Amendment does not protect threats, *see Rankin v. McPherson,* 483 U.S. 378, 386–87, 107 S.Ct. 2891, 97 L.Ed.2d 315 (1987), in order for speech to qualify as illegal advocacy of violence, without the protection of the First Amendment, the bar is high. Only "where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action" can this speech be proscribed. *Brandenburg v. Ohio,* 395 U.S. 444, 447, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969).

Here, Resek's speech amounted to no more than criticism of the police. "[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston v. Hill,* 482 U.S. 451, 461, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987). Along with good judgment, intelligence, alertness, and courage, the job of police officers requires a thick skin. Theirs is not a job for people whose feelings are easily hurt. We agree with the district court that Resek was arrested without probable cause in violation of the Fourth and Fourteenth Amendments.

■ Wersching next argues that he is entitled to qualified immunity. The partial grant of summary judgment for Resek, definitively holding that Wersching was liable for arrest without probable cause, necessarily resolved the question of qualified immunity adversely to Wersching. That is, we read the district court's order as reaching and denying qualified immunity. Nevertheless, Resek argues that Wersching has waived this defense. Qualified immunity is an affirmative defense that normally must be pleaded in the answer. *Siegert v. Gilley,* 500 U.S. 226, 231, 111 S.Ct. 1789, 114 L.Ed.2d 277(1991). However, "defendants may

raise an affirmative defense for the first time in a motion for summary judgment ... if the delay does not prejudice the plaintiff." *Magana v. Commonwealth of the N. Mariana Islands,* 107 F.3d 1436, 1446 (9th Cir.1997). There was no prejudice to Resek.

 Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (citations omitted). Here, the only question to be resolved in the qualified immunity analysis is whether "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Put another way, though mistaken in believing that he had probable cause to arrest Resek, was Wersching's mistake reasonable? We conclude that it was not, and thus that Wersching is not protected by qualified immunity. No officer would reasonably believe that a person could lawfully be arrested for shouting criticism at the police and answering police questions with sarcasm.

AFFIRMED.