**Bernetta E. HUTCHINSON,**
**Plaintiff—Appellant,**

v.

**SEAGATE TECHNOLOGY,**
**Defendant—Appellee.**

No. 04–16761.

D.C. No. CV–02–05763–JF.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 15, 2005.

Bernetta E. Hutchinson, Boulder Creek, CA, pro se.

Joan Wakely, Littler Mendelson PC, San Jose, CA, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**648**

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

MEMORANDUM **

Bernetta E. Hutchinson appeals pro se the district court's summary judgment in favor of her former employer Seagate Technology ("Seagate") in her action alleging age and race discrimination and retaliation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Lyons v. England,* 307 F.3d 1092, 1103 (9th Cir.2002), and we affirm.

■ The district court properly concluded that Hutchinson failed to establish a prima facie case of discrimination arising out of three incidents. *See Chuang v. Univ. of Cal. Davis, Bd. of Trs.,* 225 F.3d 1115, 1123 (9th Cir.2000). First, the evidence does not show that Hutchinson's alleged "exclusion" from meetings resulted in an employment disadvantage. *See Strother v. S. Cal. Permanente Med. Group,* 79 F.3d 859, 869 & n. 12 (9th Cir.1996) ("mere ostracism in the workplace is not enough to show an adverse employment decision"). Likewise, the evidence fails to create a triable issue as to whether Hutchinson suffered an adverse employment action as a result of an alleged negative evaluation. *See Kortan v. Cal. Youth Auth.,* 217 F.3d 1104, 1113 (9th Cir.2000). Finally, the evidence does not show that Walker, who was promoted to a training development position, was similarly situated to Hutchinson. *See Vasquez v. County of Los Angeles,* 349 F.3d 634, 641 (9th Cir.2003) ("[I]ndividuals are similarly

situated when they have similar jobs and display similar conduct.").

■ Moreover, the district court properly concluded Hutchinson failed to raise a genuine issue of material fact as to whether Seagate's legitimate reasons for her increased workload were pretextual. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1282 (9th Cir.2000).

The district court also properly found no triable issue with regard to Hutchinson's retaliation claim, because Hutchinson's evidence fails to show she suffered an adverse employment action. *See Kortan,* 217 F.3d at 1113.

We decline to consider issues raised for the first time on appeal. *See Taylor v. Sentry Life Ins. Co.,* 729 F.2d 652, 655–56 (9th Cir.1984).

Hutchinson's remaining contentions lack merit.

All pending motions are denied.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.