Eric NOEL, Plaintiff–Appellant,

v.

Brian C. HALL; Sandra A. Hall, aka Sandra Johnson; Gabrielle S. Lennartz; Herb Weisser; Michelle A. Merchant, Defendants–Appellees.

No. 06–35730.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2008.

June 12, 2009.

See also, 568 F.3d 743.

Richard Lee Grant, Portland, PR, for Plaintiff–Appellant.

Bryan W. Dawson, Dawson & Dawson, West Linn, OR, Steven A. Kraemer, Hoffman Hart & Wagner, LLP, Jonathan Mark Radmacher, Trung D. Tu, McEwen Gisvold, LLP, Portland, OR, for Defendants–Appellees.

Michelle A. Merchant Beaverton, OR, pro se.

Before: PREGERSON and REINHARDT, Circuit Judges, and STROM *, District Judge.

## MEMORANDUM **

Plaintiff Eric Noel appeals from the district court order disposing of all claims alleged against Herb Weisser. In a separate opinion, we affirm the district court's grant of summary judgment for Weisser on Noel's federal wiretap claims. In this disposition, we affirm the dismissal of the state law wiretapping claim under section 133.739 of the Oregon Revised Statutes, the grant of summary judgment for Weisser on the rest of the state law claims, and the denial of leave to file a fifth amended complaint.[1]

**1. Oregon Revised Statute § 133.739**

Oregon law provides that "[a]ny person whose wire, electronic or oral communication was intercepted, disclosed, or used *in violation of* [Or.Rev.Stat.] *133.724 or*

*133.737* shall have a civil cause of action against any person who willfully intercepts, discloses or uses, or procures any other person to intercept, disclose or use such communication." Or.Rev.Stat. § 133.739 (emphasis added). Section 133.724 sets out the procedures by which a district attorney or a deputy district attorney may obtain an ex parte order for the interception of wire communication. Section 133.737 allows law enforcement personnel and others testifying in proceedings to use or disclose communications intercepted in accordance with the provisions in the chapter. This section appears under the title "Procedure in Criminal Matters Generally," and the chapter entitled "Arrest and Related Procedures; Search and Seizure; Extradition."

Noel urges us to construe the section as creating a sweeping civil cause of action for any person whose wire communication is intercepted, disclosed, or used, whether in relation to criminal matters or not. Although there is little case law or legislative history regarding section 133.739, the Oregon state courts have never, since the enactment of the section in 1979, interpreted it to provide a cause of action for wiretapping other than in connection with criminal proceedings. We conclude that, given the language of the law and its clearly intended scope, the district court correctly held that Noel cannot state a cause of action under section 133.739 because his suit does not allege a violation of section 133.724 or section 133.737.

---

* The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We decided Noel's appeal from the dismissal of his federal wiretap claims in a separate

opinion. The district court exercised jurisdiction over those wiretap claims under 28 U.S.C. § 1331, and in doing so did not abuse its discretion by exercising supplemental jurisdiction over the state law claims that we consider in this disposition. *See* 28 U.S.C. § 1367.

## 594

### 2. Sections 165.535–165.543 of the Oregon Revised Statutes

The district court correctly held that Noel cannot state a claim under sections 165.535–543 of the Oregon Revised Statutes. These sections provide only for criminal penalties, and Noel has not argued that it is necessary or desirable to imply a civil cause of action under these sections.

### 3. Other State Tort Claims

The district court properly granted summary judgment in favor of Weisser on six state law tort claims: loss of use of home, damage to mobile home, damage to personal property, intentional interference of contractual relations, breach of fiduciary duty, and injurious falsehoods. Taking the evidence in the light most favorable to Noel, we conclude that no genuine issue of material fact exists with respect to any of these tort claims. Furthermore, the district court did not abuse its discretion by deciding the merits of the summary judgment motion despite ongoing discovery, because Noel failed to move for a continuance under Rule 56(f), *THI–Hawaii v. First Commerce Fin. Corp.,* 627 F.2d 991, 994 (9th Cir.1980), or to carry his burden of showing the trial court what facts he hoped to discover that would create a material issue of fact, *see Taylor v. Sentry Life Ins. Co.,* 729 F.2d 652, 656 (9th Cir. 1984).

### 4. Denial of Leave to Amend

The district court did not abuse its discretion by denying Noel's motion to file a fifth amended complaint. *See Jackson v. Bank of Haw.,* 902 F.2d 1385, 1387 (9th Cir.1990). The district court correctly considered factors such as undue delay, prejudice to the opposing party, and futility of the amendment. *See Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir. 1973). The amendment to add a RICO claim was futile as the limitations period for RICO had passed, *see Agency Holding Corp. v. Malley–Duff & Associates, Inc.,* 483 U.S. 143, 156, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987), and the amendment did not relate back to the "conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." Fed.R.Civ.P. 15(c)(1)(B); *Sidebotham v. Robison,* 216 F.2d 816, 823 (9th Cir.1954).[2]

We therefore affirm the district court's grant of summary judgment for Weisser on Noel's state law claims and its denial of the motion to file a fifth amended complaint.

**AFFIRMED**

---

**2.** We do not reach Noel's equitable tolling argument, because he raised it for the first time in his reply brief. *See Officers for Justice v. Civil Serv. Comm.'n of the City and County of S.F.,* 979 F.2d 721, 725–26 (9th Cir.1992).

