**Abraham John PUSA, Plaintiff–Appellant,**

v.

**Eric H. HOLDER Jr., Attorney General, Defendant–Appellee.**

No. 08–55297.

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed July 30, 2009.

R.App. P. 34(a)(2).

Abraham John Pusa, La Crescenta, CA, pro se.

Jason K. Axe, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Defendant–Appellee.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

MEMORANDUM **

Abraham John Pusa appeals pro se from the district court's summary judgment in his action alleging that the Federal Bureau of Investigation ("FBI") denied him a contract position as a Turkish linguist on account of his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Aguilera v. Baca*, 510 F.3d 1161, 1167 (9th Cir.2007), and we affirm.

The district court properly entered summary judgment on Pusa's ADEA claim because he failed to adduce evidence that a substantially younger person with equal or inferior qualifications was hired in his place. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir.1996) (describing elements of a prima facie case under the ADEA). Although Pusa asserted that in 2001 the FBI hired three Turkish language translators and that each of them was younger than Pusa, he offered

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

no evidence that these translators were actually hired by the FBI, that they were younger than he at the time they began work for the agency, that they were contract linguists, or that they were offered positions in the Los Angeles Field Office.

 The district court did not abuse its discretion by deciding the merits of the summary judgment motion without affording Pusa the opportunity to conduct additional discovery because Pusa failed to move for a continuance under Federal Rule of Civil Procedure 56(f), *see THI–Hawaii v. First Commerce Fin. Corp.,* 627 F.2d 991, 994 (9th Cir.1980), or to carry his burden of showing the district court what facts he hoped to discover that would create a material issue of fact, *see Taylor v. Sentry Life Ins. Co.,* 729 F.2d 652, 656 (9th Cir.1984). Pusa's remaining contentions are unpersuasive.

**AFFIRMED.**