**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KYE S. BARKER, a single woman and D-SONG LLC, a Washington limited liability company, | No.   16-35395 |
| | D.C. No. 3:14-cv-05589-BHS |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| TOWN OF RUSTON, a political subdivision of the State of Washington; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted April 11, 2018
Seattle, Washington

Before:  HAWKINS and GRABER, Circuit Judges, and TEILBORG,** District Judge.

Kye S. Barker and D-Song LLC, owners of the Unicorn Sports Bar ("the Unicorn"), appeal the grant of summary judgment to the Town of Ruston, the

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The Honorable James A. Teilborg, United States District Judge for the District of Arizona, sitting by designation.

Ruston Police Department ("RPD"), Bruce Hopkins, Jeremy Kunkel, James Kaylor, Victor Celis, and John Doe 1-5 ("Appellees") on Barker's 42 U.S.C. § 1983 claims.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Barker's Fourth Amendment claim fails because none of Appellees' alleged conduct resulted in a search or a seizure. There was no search because RPD officers did no more than "examine[] the area[s] [in and around the Unicorn] in the same way as might be expected of any other person." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). There was no seizure because nothing in the record establishes that RPD officers meaningfully interfered with Barker's possessory interest in the Unicorn. *See United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

Barker's equal protection claim is likewise unavailing because the record does not show that the Unicorn was treated differently than similarly situated bars. *See United States v. Armstrong*, 517 U.S. 456, 465 (1996) (applying the "similarly situated" test in the racial discrimination context); *N. Pacifica LLC v. City of*

---

[1]     On appeal, both Barker and D-Song LLC allege violations of § 1983; however, only Barker asserted such claims below. *Barker v. Town of Ruston*, No. C14-5589 BHS, 2016 WL 1572546, at *1 (W.D. Wash. Apr. 19, 2016). Accordingly, D-Song LLC has waived its § 1983 claims. *See Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652, 655–56 (9th Cir. 1984) (per curiam) (holding that, except in "exceptional circumstances," claims not raised before the district court are waived on appeal (first citing *Rothman v. Hosp. Serv. of S. Cal.*, 510 F.2d 956, 960 (9th Cir. 1975); and then citing *Gard v. United States*, 594 F.2d 1230, 1235 (9th Cir. 1979))).

*Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (applying the "similarly situated" test in the class-of-one context).

Furthermore, Barker's substantive due process claim is unsuccessful because there is no evidence in the record showing that Barker was completely prohibited from pursuing her desired profession. *See Conn v. Gabbert*, 526 U.S. 286, 292 (1999); *Guzman v. Shewry*, 552 F.3d 941, 954 (9th Cir. 2009).

Similarly, Barker's procedural due process claim is fruitless because no evidence in the record supports the finding of a due process violation. *See Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist.*, 149 F.3d 971, 983 (9th Cir. 1998).

Finally, there can be no municipal liability under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978) because the underlying constitutional claims were appropriately dismissed. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam).

**AFFIRMED**.