60 F.3d 835
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Stephen R. TOWNZEN, Plaintiff-Appellant,
v.
COUNTY OF EL DORADO; El Dorado County Sheriff's Department;
Children's Protective Services Office; City of
Placerville; Carol Halk; Lisa Wilson; Marty Hackett;
Dave Lawrence, Defendants-Appellees.
 No. 94-16757.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1995.*
Decided July 7, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen R. Townzen appeals pro se the district court's summary judgment in favor of the County of El Dorado and City of Placerville, et al., in his 42 U.S.C. Sec. 1983 action. Townzen alleged that defendants violated his civil rights during a search of his home for suspected child neglect that resulted in Townzen's temporary loss of custody of his two minor children, and a criminal prosecution for child neglect.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm for the reasons set forth by the district court in its memoranda and orders of April 14, 1992, and September 2, 1994.
 
 A. Townzen's Contentions on Appeal
 1. Notice of Rule 56 Requirements
 
 4
 Townzen contends that the district court erred by granting summary judgment in favor of defendants without first advising him of the requirements of Rule 56. Because, however, no special assistance is required for nonprisoner pro se parties, see Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986), the district court did not err by granting summary judgment for defendants without advising Townzen of the requirements of Rule 56.
 
 2. Inadequate Discovery
 
 5
 Townzen also contends that the district court improperly granted summary judgment for defendants while his motion to compel a City of Placerville claims adjuster to honor a subpoena duces tecum was still pending.[1] Townzen's motion to compel compliance, along with the City of Placerville's motion to quash, were vacated as moot following the court's grant of summary judgment for the defendants.
 
 
 6
 Discovery rulings are reviewed for abuse of discretion. Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir.1987). If, however, the district court fails to address a pending discovery motion by a party opposing summary judgment prior to issuing a dispositive order, the omission is reviewed de novo. Id. n. 3.
 
 
 7
 Townzen contends that City of Placerville records would reveal inconsistent accounts of the entry and search of his home, and could provide possible proof of conspiracy. Because Townzen failed to allege that defendants' actions were induced by racial or class-based animus, his claim of conspiracy cannot lie. See 42 U.S.C. Sec. 1985(3); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Gibson v. United States, 781 F.2d 1334, 1341 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987).
 
 
 8
 Accordingly, the district court did not err by failing to rule on the merits of Townzen's untimely discovery motion prior to granting summary judgment. See Taylor v. Sentry Life Ins. Co., 729 F.2d 652, 656 (9th Cir.1984) (noting that summary judgment is appropriate when discovery requests could not produce evidence that would raise genuine issues of material fact).
 
 B. Pending Motions
 
 9
 Townzen's motions for leave to file supplemental opening and reply briefs are granted. All other pending motions are denied.[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The deadline for completion of discovery was June 1, 1994, over two years after Townzen filed his initial complaint. Defendants moved for summary judgment on June 9 and 10, 1994. Townzen filed his first subpoena duces tecum for City records on July 21, 1994, and his motion to compel compliance on August 26, 1994, both following the close of discovery
 
 
 [2]
 Townzen filed motions for leave to exceed page limit for opening brief, for reconsideration of clerk's order limiting reply brief to 20 pages, for sanctions for appellees false notice re: non-opposition to appellants request to seal record, and to unseal and file portion of substituted reply brief for appellant to brief of County of El Dorado, along with several requests to take judicial notice of facts