Kenneth M. STERN, Plaintiff—Appellant,

v.

FARMERS INSURANCE GROUP OF COMPANIES; Truck Insurance Exchange; Lincoln National Corporation, Defendants,

and

American States Insurance Company; Dean Grossman, individually and on behalf of the Grossman Family Trust; Corazon Grossman, individually and on behalf of the Grossman Family Trust; American Economy Insurance Company; Safeco Corporation; American States Financial Corporation, Defendants—Appellees.

No. 02–55802.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2003.*

Decided Oct. 9, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

1. We decide the merits of this appeal as follows.

Kenneth Stern appeals the district court's denial of his motion for reconsideration of the denial of his Fed.R.Civ.P. 60(b)(4) motion for relief from judgment based on lack of subject matter jurisdiction. Stern argues that the district court lacked supplemental jurisdiction over his state-law claim against his former clients, the Grossmans, because the claim was not part of the same case or controversy as his federal claims against the insurance company defendants. This argument has no merit. *See* 28 U.S.C. § 1367. Stern's federal claims against the insurance company defendants and his indemnification claim against the Grossmans all derived from the malicious prosecution action brought against Stern and all involved the same question—whether someone other than Stern was obligated to pay for Stern's defense. *See Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 714 (9th Cir.1990). The same case or controversy requirement was therefore satisfied.

The district court did not lose subject matter jurisdiction over Stern's state-law claims after it dismissed Stern's federal claims. First, although the district court dismissed Stern's federal claims on summary judgment, this was a dismissal on the merits, and "any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits."

*Cement Masons Health & Welfare Trust Fund v. Stone*, 197 F.3d 1003, 1008 (9th Cir.1999). Further, Stern's federal claims were not so "absolutely devoid of merit or obviously frivolous" to divest the district court of supplemental jurisdiction over his state-law claims. *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir.1991). Therefore, under 28 U.S.C. § 1367(c) the district court had discretion to retain supplemental jurisdiction over Stern's state-law claims, and the court did not abuse its discretion by retaining jurisdiction. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir.1997) (en banc).

We therefore AFFIRM the district court's denial of Stern's motion for reconsideration of its denial of his Rule 60(b)(4) motion.

2. We decide other matters as follows.

a. Stern's motion to recuse Judges Tashima, Fisher, and Zilly is DENIED as moot.

b. Materials from proceedings in another tribunal are appropriate for judicial notice under Federal Rule of Evidence 201. *Biggs v. Terhune*, 334 F.3d 910, 916 n. 3 (9th Cir.2003). Stern's motion for judicial notice is therefore GRANTED.

c. Under FRAP 38, we have authority to impose sanctions against a party or counsel who files a frivolous appeal. This appeal is frivolous because the result is obvious and Stern's arguments are wholly without merit. *Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652, 656 (9th Cir.1984). Stern suggests that he has not been afforded the notice required by FRAP 38. Although we have the authority to grant sanctions *sua sponte*, we note that Stern filed a response in opposition to Grossman's "Motion for Sanctions." From his

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

own filings it is thus clear that Stern was afforded notice. Stern is ORDERED to pay attorneys' fees in an amount to be determined by the Appellate Commissioner.

d. On the day of argument Stern submitted a "Notice of Fraud on the Court." Even if we could consider Stern's central objections in this "Notice" we would reject any claim of fraud upon the Court. Fraud upon the court "must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128 (9th Cir.1995) (internal quotation omitted). The barely discrepant statements to which Stern refers do not rise to this level. Similarly, these statements do not rise to the level of materiality, willfulness, and falsehood required to commit perjury. *See* 18 U.S.C. § 1621(1); *United States v. Arias–Villanueva*, 998 F.2d 1491 (9th Cir.1993).

**AFFIRMED.**