Major E. BEESLEY, Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, a corporation, Defendant.

No. Civ 05–114 PHX RCB.

United States District Court, D. Arizona.

Jan. 10, 2006.

Carlos Lionel Estrada, Law Office of Carlos L. Estrada, Phoenix, AZ, for Plaintiff.

Anthony J. Hancock, Ernest Collins, Jr., Terrance L. Sims, Beaugureau Zukowski & Hancock PC, Phoenix, AZ, for Defendant.

## ORDER

BROOMFIELD, Senior District Judge.

This action arises out of a personal injury suit originally filed in the Superior Court of Arizona for Maricopa County, and later removed to this Court by Defendant Union Pacific Railroad Company on January 10, 2005 (doc. # 1). Currently pending before the Court is Defendant's motion for summary judgment filed on July 29, 2005 (doc. # 15). Plaintiff filed a response in opposition to Defendant's motion on August 30, 2005 (doc. # 17), and Defendants filed a reply on September 19, 2005 (doc. # 20). The Court finds the matter suit-

able for decision without oral argument. Having carefully considered the arguments raised by the parties' briefs, the Court now rules.

## I. BACKGROUND

At some time between 11:00 p.m. on September 8, 2002 and the early morning on September 9, 2002, a train owned and operated by Defendant struck Plaintiff while he was lying on Defendant's railroad tracks at or near 1600 South Stanley Place in Tempe, Arizona. Def.'s Statement of Facts (doc. # 16) ("DSOF") ¶¶ 1–4.

The railroad tracks in the area of the accident are situated between apartment complexes whose residents apparently cross the tracks on a daily basis by using various well beaten footpaths. Pl.'s Statement of Facts (doc. # 19) ("PSOF"), Ex. 1 ¶¶ 5–7. Plaintiff states that he has crossed the tracks on numerous occasions, presumably by using the same footpaths. *Id.* ¶ 8. However, he has no recollection of the accident, and remembers nothing from approximately 11:00 p.m. on September 8, 2002 until waking up in the hospital on September 9, 2002 after the accident. *See* DSOF ¶ 4. He does remember drinking beer on the night of the accident, and leaving his apartment with a beer in hand, intending to visit a friend at another apartment. *Id.*

According to the incident report prepared by the Tempe Police Department, the train was proceeding at a speed of approximately twenty miles per hour when the crew saw what appeared to be a pile of clothes on the tracks. PSOF, Ex. 2. Upon observing Plaintiff in a recumbent pose with his hands behind his head, the train crew immediately began emergency breaking procedures, and sounded the train's horn in an attempt to alert Plaintiff of his danger. *Id.*

As a result of the accident, Plaintiff was gravely injured. His left leg was severed above the knee, and he received numerous scrapes and scratches to his face, arms, and torso. *Id.*

## II. STANDARD OF REVIEW

Summary judgment is appropriate "when there is no genuine issue of material fact" such that "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. In determining whether to grant summary judgment, a district court must view the underlying facts and the inferences to be drawn from those facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If a party will bear the burden of proof at trial as to an element essential to its claim, and fails to adduce evidence establishing a genuine issue of material fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

To survive summary judgment, the nonmoving party must show that there is a *genuine* issue of *material* fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A factual dispute is genuine if the evidence is such that a rational trier of fact could resolve the dispute in favor of the nonmoving party. *Id.* at 248, 106 S.Ct. 2505. A fact is material if determination of the issue might affect the outcome of the case under the governing substantive law. *Id.* Thus, a party opposing a motion for summary judgment cannot rest upon bare allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *See id.* at 250, 106 S.Ct. 2505. If the nonmoving party's evidence is merely colorable or

not significantly probative, a court may grant summary judgment. *See id.* at 249, 106 S.Ct. 2505; *accord Cal. Architectural Build. Prods., Inc. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.1987). . . .

## III. DISCUSSION

▬ The parties do not dispute that Plaintiff was a trespasser on Defendant's railroad tracks at the time of the accident. The only issue involved is whether Defendant breached a duty of care owed to Plaintiff as a trespasser. Because this is a diversity case arising from alleged negligence occurring in Arizona, the Court must apply Arizona substantive law. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78–79, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). With regard to the duties owed trespassers, Arizona law follows the general rule that, with certain exceptions, a landowner owes no duty toward a trespasser except not to willfully or wantonly injure him after discovering his peril. *Barnhizer v. Paradise Valley Unified Sch. Dist.*, 123 Ariz. 253, 599 P.2d 209, 210 (1979); *Barry v. S. Pac. Co.*, 64 Ariz. 116, 166 P.2d 825, 828 (1946). Based on Plaintiff's response, only two such exceptions, which are summarized in sections 334 and 336 of the Restatement (Second) of Torts[1], are relevant in the instant case.

## A. Liability Under Restatement (Second) of Torts § 334

Section 334 of the Restatement (Second) of Torts provides that:

> A possessor of land who knows, or from facts within his knowledge should know, that trespassers constantly intrude upon a *limited area* thereof, is subject to liability for bodily harm there caused to them by his failure to carry on an activity involving a risk of death or serious bodily harm with reasonable care for their safety.

Restatement (Second) of Torts § 334 (1965) (emphasis added). In other words, section 334 contemplates a "limited area" of land in which a landowner owes a duty of care toward trespassers. Comment d to this section explains that the "limited area" must be "some particular place within the land," and adds that "[i]t is not enough that [the landowner] know or should have reason to know that persons persistently roam at large over his land." *Id.*, cmt. d.

As applied to railroad companies, Arizona courts have traditionally limited this rule to railroad crossings and pathways of which the company was, or should have been, aware.[2] *See S. Pac. Co. v. Bolen*, 76 Ariz. 317, 264 P.2d 401, 407–08 (1953); *Barry*, 166 P.2d at 828. In *Bolen*, the Supreme Court of Arizona reversed a jury

---

**1.** Although the controlling Arizona case law predates the Restatement (Second) of Torts, the Ninth Circuit and at least one other court in this District have noted that there is no conflict between the Arizona railroad cases and the Restatement. *See Torres v. S. Pac. Transp. Co.*, 584 F.2d 900, 903 (9th Cir. 1978); *Delgado v. S. Pac. Transp. Co.*, 763 F.Supp. 1509, 1511–16 (D.Ariz.1991).

**2.** In a few cases, trespassers who were injured after illegally hitching rides have argued that liability under section 334 should extend beyond railroad crossings to include the train cars they surreptitiously boarded. Federal courts applying Arizona law have taken guidance from comment d to section 334, and rejected these arguments. *See Torres*, 584 F.2d at 903 ("There is no indication in the record that anyone has ever hitched a ride on *this particular car* before, nor that any trespasser had at any previous occasion boarded any freight car at or near *this precise location.*") (emphasis added); *Delgado*, 763 F.Supp. at 1515 ("If trains stop at various locations throughout the Yuma yard, intrusions upon all of those areas indicate that trespassers roam at large over the Yuma yard.").

verdict for the plaintiff, because the jury was improperly instructed on the railroad company's duty of care. *Bolen,* 264 P.2d at 408. The court noted the classic formulation of the standard of care—"reasonable care under all the circumstances"—and explained that for a railroad company, one circumstance to be considered is the probability of a person's presence on the tracks at the time of injury. *Id.* Accordingly, the court held that a railroad company owes a duty of care toward a trespasser when the presence of persons on the tracks is to be reasonably anticipated—in other words, at railroad crossings or other commonly used footways. *Id.* at 408–09.

■ A person's presence in a railroad crossing, however, does not impose a duty of care if they were lying down in the crossing instead of traversing the tracks. In a case with facts remarkably similar to the instant case, the Supreme Court of Arizona affirmed a jury verdict finding that the defendant railroad company was not liable for the death of a pedestrian sleeping on the tracks. *See Barry,* 166 P.2d at 826–30. The decedent was crossing the tracks at or near a commonly used footpath while intoxicated. *Id.* at 827. In so doing, he either stumbled or laid down, and ultimately fell asleep on the tracks. *Id.* Although he was killed at or near the pathway, the court sardonically observed the lack of evidence showing a "local custom by residents of the neighborhood or the general public to use the track for a bed at night." *Id.* at 828. The court concluded that the railroad company, while it may be expected to anticipate the presence of pedestrians *walking* across the pathway, was under no duty to discover those lying prostrate within it. *Id.* at 829.

In its motion for summary judgment, Defendant argues that there are no triable facts upon which the Court can find liability under section 334, because (1) Plaintiff cannot prove that he was injured in a pathway regularly used to traverse the tracks, and (2) Defendant could not have reasonably anticipated Plaintiff's presence due to his recumbent pose. Mot. (doc. # 15) at 9.

In response, Plaintiff only contends that there were pathways in the general area of the accident of which Defendant knew, or should have known. Response (doc. # 17). Even if this were true, the most important question remains unanswered. Was Plaintiff actually injured in such a pathway? Although he claims to have crossed the tracks using these pathways in the past, Plaintiff has adduced no evidence that he was injured in one on the night in question. *See* PSOF, Ex. 1 ¶¶ 6–9. Furthermore, it seems that he cannot offer his own testimony on the matter, because he has no recollection of the accident or the events leading up to it. *See* DSOF, Ex. D at 85:23–86:4, 88:1–5, 92:23–93:1.

■ For the foregoing reasons alone, Plaintiff cannot survive summary judgment on the issue of liability based on section 334. Assuming arguendo that Plaintiff had produced evidence that he was injured in a pathway, he would still fail because there is no indication that Defendant breached a duty of care toward him. Plaintiff must at least raise a question as to the reasonableness of Defendant's conduct. Instead, he only argues that "[w]hether [Defendant's employees] saw Plaintiff prior to the accident is a question of fact for the trier of fact to determine." [3] Response (doc. # 17) at 5:8–

---

**3.** Plaintiff actually raises this argument in an effort to establish liability under section 336 of the Restatement (Second) of Torts. *See*

Response (doc. # 17) at 5. However, because he maintains that section 334 also provides a basis for liability, the Court will construe this

9. Even if the train crew did see him—a fact which Defendant does not appear to deny [4]—Plaintiff does not explain how they were negligent. By his own account, the train crew began emergency breaking procedures "[a]s soon as they observed it was a person on the tracks." PSOF ¶ 5; *Id.,* Ex. 2. No rational trier of fact could conclude from these facts that Defendant breached a duty of care toward Plaintiff, and therefore, summary judgment for Defendant is inescapable on the issue of liability based on section 334 of the Restatement.

### B. Liability Under Restatement (Second) of Torts § 336

Section 336 of the Restatement (Second) of Torts provides that:

> A possessor of land who knows or has reason to know of the presence of another who is trespassing on the land is subject to liability for physical harm thereafter caused to the trespasser by the possessor's failure to carry on his activities upon the land with reasonable care for the trespasser's safety.

Restatement (Second) of Torts § 336 (1965). According to the American Law Institute, this section simply restates the well-known rule that a landowner has a duty to avoid willful or wanton injury to persons of whose presence he is, or should be, aware. *See id.,* special note; *id.,* cmt. c (landowner's duty of care arises from "his knowledge of the presence of the trespasser as a man and not as a trespasser").

As discussed in Part III.A, *supra,* Plaintiff argues that Defendant's employees saw him prior to the accident. However, he fails to explain how their subsequent conduct fell below any standard of care. Plaintiff's statement of facts, apparently drawing from the incident report prepared by the Tempe Police Department, merely indicates that:

> Prior to impact, [Defendant's employees] observed what looked like a pile of clothes on the track in front of them. As they continued, [they] became aware that it was a person. As soon as they observed it was a person on the tracks, they began emergency breaking procedures.

Response (doc. # 17) at 2; PSOF ¶ 5; *id.,* Ex. 2. Plaintiff presents no evidence even remotely suggesting that Defendant's employees were willful or wanton in injuring him, or that they failed to exercise reasonable care for his safety at any time. For example, he does not point to any facts showing that the engineer failed to keep the engine under control at any time prior to the accident. In fact, his admission that the crew applied emergency breaking procedures as soon as they observed his presence on the tracks tends to show that reasonable care was taken. Furthermore, there is no indication that Plaintiff contests the facts contained in the incident report. Because there are no facts from which a rational trier of fact could find liability based on section 336 of the Restatement (Second) of Torts, the Court must grant Defendant's motion for summary judgment.

■ Finally, the Court is mindful that the discovery deadline has not yet passed in this case, and that "[o]rdinarily summary judgment should not be granted where there are relevant facts yet to be discovered." *See* Order (doc. # 11); Order (doc. # 22); *see also Taylor v. Sentry Life Ins. Co.,* 729 F.2d 652, 656 (9th Cir.1984) (citation omitted). However, it is the responsibility of the nonmoving party to show the trial court what facts he would hope to discover to raise a genuine issue of

___

as an argument that Defendant breached its duty of care toward Plaintiff—whatever the basis for that duty may be.

4. *See* Reply (doc. # 20) at 8:17–21.

material fact. *Taylor,* 729 F.2d at 656 (citation omitted). This is normally achieved by bringing a motion for continuance pursuant to Federal Rule of Civil Procedure 56(f). Because Plaintiff has not made such a request, and, as the record reflects, has not pursued any significant discovery to date, the Court can only conclude that he was content to rely on the facts currently before the Court.[5] Therefore, the Court finds it entirely appropriate at this time to grant Defendant's motion for summary judgment.

## IV.  CONCLUSION

In light of the forgoing analysis,

IT IS ORDERED that Defendant's motion for summary judgment (doc. # 15) is GRANTED.

IT IS FURTHER ORDERED directing the Clerk of Court to enter judgment in favor of Defendant and terminate this case.

---

**5.** For reasons not revealed to the Court, Plaintiff's counsel had noticed the depositions of the two members of Defendant's train crew, but later cancelled them. *See* Mot. (doc. # 15) at 2:16–17.